VIRGINIA K. BLAKELY *v.* L. BRYANT'S ADMR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—991.]

**Words Creating a Life Estate.**

A testator gave to his daughter a certain share of his estate, providing that it should be held "her separate estate for her sole separate use and benefit, free from the control of her husband, James D. Blakely, or any liability for his debts, and at the death of said Virginia K. Blakely (said daughter) all of said property is to go to and belong to the heirs of her body." This language was held to give the daughter a life estate only, with remainder to her children.

APPEAL FROM TRIGG CIRCUIT COURT.

May 12, 1883.

OPINION BY JUDGE HINES:

The only question presented on this appeal is the construction of a will, all other matters before the court below being expressly reserved for further consideration.

The testator gave to his several children both real and personal property absolutely and in equal proportions, but in reference to the portion given appellant the concluding clause of the will is as follows:

"The portion of my estate heretofore given and herein devised to my daughter, Virginia K. Blakely, including what she may be entitled to and receive in money upon the final division and distribution of my estate, is to be held her separate estate for her sole separate use and benefit, free from the control of her husband, James D. Blakely, or any liability for his debts, and at the death of said Virginia K. Blakely all of said property is to go to and belong to the heirs of her body."

The court below adjudged that Mrs. Blakely took a life estate for her separate use in the property devised, with remainder in fee to

11

her children. This, we think, is unquestionably correct. The language of the will quoted is susceptible of no other construction. The term "heirs of her body" means her children as manifestly as if they had been mentioned by name.

Judgment *affirmed.*

*Dabney & Crenshaw, for appellants.*

*Jas. B. Garnett, for appellees.*